McMILLIN, P. J.,
concurring in part, dissenting in part:
¶ 13. I concur in affirming the judgment for past due support, but I must respectfully indicate my disagreement with the majority’s conclusion that the clause in question is an enforceable automatic escalation clause in its present form. For that reason, I believe that a remand to properly determine Ms. Luckett’s future support obligation is necessary. In my view, the chancellor’s attempt at an escalation clause is largely indistinguishable from the prohibited provision of Morris v. Stacy that ordered Morris to pay ten percent of all of his adjusted gross income in excess of $50,000. Morris v. Stacy, 641 So.2d 1194, 1200 (Miss.1994). The fault in the Moms case was that this provision took into account only one of the multiple factors that the Mississippi Supreme Court said were essential to an equitable escalation clause, i.e., the rate of inflation, the obligor’s increase or decrease in income, changes in *1219 the child’s reasonable expenses, and any fluctuations in the custodial parent’s income during the corresponding period since the previous determination. Id.; Wing v. Wing, 549 So.2d 944, 947 (Miss.1989). The Wing Court quoted with approval from a treatise on child support that said, unequivocally, “an increase in the [noncustodial] parent’s income does not necessarily entitle the child to more support. ...” Wing, 549 So.2d at 947 (quoting H. KRaus, Child SuppoRT in Amerioa — The Legal Perspective 24 (1981)).
¶ 14. The chancellor’s order in this case, as in Morns, contemplated adjustments tied solely to fluctuations in the non-custodial parent’s income. Also, because of its form, it necessarily required an endless series of adjustments, depending on whether the obligor worked a full week or only a part of a week, voluntarily or involuntarily ceased employment, or took another job at a lower pay scale. It completely failed to adequately address the children’s needs in the adjustment process. On its face, it would permit Ms. Luckett to decrease or even end her support obligation on a whim, simply by reducing her income or ceasing to be employed altogether. I have no doubt that it is improper for a chancellor to set child support from its inception as some seemingly-appropriate percentage of the obligor’s adjusted gross income, leaving the support obligation to fluctuate based solely on the obligor’s level of income in the ensuing months and years. Such a defect is not cured by delaying its operation for some indeterminate temporary period while the obligor looks for work.
¶ 15. Nevertheless, assuming that the provision is unenforceable once the issue of its enforceability is properly presented to the court, there remains the difficulty that Ms. Luckett did not appeal the validity of the original judgment at the time of its entry, and neither did she seek a determination of its validity once the triggering event occurred when she began her thirty-hour-per-week employment. Had she made a timely effort to inform the court of her legal stance on the validity of this adjustment clause — a position which I think is correct as a matter of law — the matter could have been properly resolved and some alternate and legally correct provision made for equitably adjusting her support obligation. Thus, if we were to conclude that this provision was unenforceable at all because of its readily-apparent defects, we would reward Ms. Luckett for ignoring her obligation to provide a reasonable level of support to her children — a fundamental obligation of any parent that ought not to cease altogether simply because a judgment attempting to define that obligation contains some legal flaw. Ms. Luckett’s remedy, once the matter was properly before the court, was never to have her support obligation extinguished. It would, therefore, be unconscionable to permit her to obtain that very remedy by her own wilful disregard for an order that she may honestly have believed to be improper but which had not been subjected to the necessary test of that question in the crucible of a contested judicial proceeding.
¶ 16. Because of Ms. Luekett’s prolonged and clearly intentional disregard for her obligation to provide some equitable measure of support to her children, I would conclude that she is equitably estopped to dispute the arrearage as calculated by the chancellor in this case even though, had she raised the issue in a more timely fashion, she would have been entitled to some measure of relief from the judgment because of its improperly narrow focus on fluctuations in her periodic earnings to determine the amount of her support obligation. Thus, I would affirm the adjudication of this arrearage, but would acknowledge the evident defect in the chancellor’s attempt to draft a suitable escalation clause and would remand with instructions to conduct a hearing to set child support at some fixed amount that is within the discretionary authority of the chancellor.
¶ 17. Unlike alimony adjustments, it is within the authority of the chancellor to make increases in child support retroactive to the filing of the petition seeking modification. Lawrence v. Lawrence, 574 So.2d 1376, 1384 (Miss.1991). I would treat the commencement of this proceeding, raising as it *1220 does the necessity for a modification of Ms. Luekett’s obligation by implication if not by explicit request, as a petition to modify child support and would direct that the amount of child support, as fixed under the applicable statute and case law, be made retroactive to the filing date of Mr. Luckett’s enforcement petition. If, as a part of the process of determining an equitable fixed and regularly recurring support obligation, the chancellor feels it appropriate to include an automatic escalation clause, then the clause ought to be drafted within the guidelines of the established case law to properly account for all of those relevant factors identified by the Mississippi Supreme Court and not leave Ms. Luckett’s child support obligation to rise or fall solely on the size of her last pay check.
HERRING and SOUTHWICK, JJ., join this separate written opinion.